UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Plaintiff,

-against-                                  1:14-CV-0719 (LEK/CFH)

JENNIFER HUGHES,

                Defendant.

## **DECISION and ORDER**

### I. INTRODUCTION

On June 6, 2014, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant Jennifer Hughes ("Defendant") defaulted on promissory notes. Dkt. No. 1 ("Complaint"). Presently before the Court is Plaintiff's Motion for summary judgment. Dkt. Nos. 9 ("Motion"); 11. Defendant opposed the Motion, and both parties filed reply papers. Dkt. Nos. 12 ("Response"); 13 ("Reply"); 15 ("Sur-Reply"). For the following reasons, the Motion is denied.

### II. BACKGROUND

Defendant is a resident of Columbia County, New York. Compl. ¶ 1. Plaintiff alleges that Defendant executed a total of three promissory notes to secure loans from two different banks. Dkt. No. 11[1] ("Statement of Material Facts") ¶ 1. The student loans were guaranteed by New York State Higher Education Services Corporations (the "guarantor") and reinsured by the United States Department of Education (the "DOE") under authorized loan guaranty programs. Id. ¶¶ 2-4. After Defendant defaulted on the loans, the guarantor assigned its right and title to the loans to the DOE.

---

[1] Plaintiff's Statement of Material Facts is embedded within the Motion and thus shares the same docket entry.

Id. ¶¶ 5-10. Plaintiff alleges that the current principals after application of all prior payments, credits, and offsets are $1,932.71, $4,308.66, and $4,302.14; and the current capitalized interest balances and accrued interest are $1,294.13, $2,438.19, and $2,359.59, respectively. Id. ¶¶ 11-13; Compl. ¶¶ 2-4.

Defendant argues that Plaintiff does not have standing to pursue this action because (1) Plaintiff has not provided a complete chain of assignments from the original creditor to itself; and (2) Defendant is not obligated to pay Plaintiff because she did not have notice of each assignment. Resp. ¶ 1. Defendant also argues that Plaintiff has failed to allege any facts from an individual with personal knowledge of this matter. Id.

Plaintiff responds that its Statement of Material Facts sufficiently establishes standing; however, in further support, it has also included with the Reply three Certificates of Indebtedness ("COIs"). Reply ¶ 3; see also Dkt. No. 13-1, Exs. A-C. Plaintiff further argues that the chains of assignment were adequately set forth in Plaintiff's counsel's affidavit in support of the Motion, and are further established by the COIs. Reply ¶¶ 4-6. Finally, Plaintiff asserts that the COIs provide evidence from an individual with personal knowledge of the facts underlying this case. Id.

Defendant filed a Sur-Reply, asserting that the Court may not consider the COIs in determining whether Plaintiff has met its burden because the COIs were submitted for the first time in the Reply. Sur-Reply ¶¶ 2-3.

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). Although "[f]actual disputes that are irrelevant or

unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggart v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of a material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). However, if the moving party has shown that there is no genuine dispute as to any material fact, the burden shifts to the non-moving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. This requires the non-moving party to do "more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Corp., 475 U.S. 574, 586 (1986).

At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the non-moving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). A court's duty in reviewing a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

## IV. DISCUSSION

Local Rule 7.1(a)(3) provides that any motion for summary judgment must include a statement of material facts, and "[e]ach fact listed shall set forth a specific citation to the record where the fact is established." L.R. 7.1(a)(3). Further, "[t]he record for purposes of the Statement

3

of Material Facts includes the pleadings, depositions, answers to interrogatories, admissions and affidavits. It does not, however, include attorney's affidavits." Id. The "[f]ailure of the moving party to submit an accurate and complete Statement of Material Facts shall result in a denial of the motion." Id.

Here, Plaintiff's Motion for summary judgment includes a statement of material facts, but it is devoid of any citations to the record. See generally SMF. On that ground alone, the Motion is subject to dismissal. See L.R. 7.1(a)(3). However, even if the Court were to overlook Plaintiff's failure to comply with the Local Rules, Plaintiff's Motion still fails.

A party may not submit new materials in a reply to meet its initial burden. See Aurora Loan Servs., Inc. v. Posner, Posner & Assocs., P.C., 513 F. Supp. 2d 18, 20 (S.D.N.Y. 2007). Because the COIs were submitted for the first time in the Reply to establish standing and the chains of assignment, the Court may not consider them in addressing the Motion. See id. Furthermore, Plaintiff's reliance on its counsel's affidavit to establish the chains of assignment is misguided. The Local Rules clearly state that the record for purposes of the statement of material facts does not include attorney's affidavits. See L.R. 7.1(a)(3).

Excluding the COIs and Plaintiff's counsel's affidavit, the only evidence in support of the Motion that the Court can consider are the original promissory notes attached to the Complaint. See Dkt. No. 1-1. The Court agrees with Defendant that these documents fail to demonstrate as a matter of law the chains of assignment from the original banks to Plaintiff, or Plaintiff's standing to pursue this action. See id; Resp. Therefore, Plaintiff has failed to demonstrate that there is no genuine issue of material fact. However, because Plaintiff's failure to meet its burden appears largely procedural, the Court denies Plaintiff's Motion for summary judgment without prejudice to renew

4

upon a properly filed motion in accordance with the Local and federal rules.

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 9) for summary judgment is **DENIED without prejudice to renew**; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties.

**IT IS SO ORDERED**.

DATED: February 19, 2015
Albany, New York

Lawrence E. Kahn
U.S. District Judge