UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

      Plaintiff,

 -against-              1:14-CV-0719 (LEK/CFH)

JENNIFER HUGHES,

      Defendant.

## DECISION and ORDER

**I. INTRODUCTION**

On June 6, 2014, Plaintiff United States of America ("Plaintiff") commenced this action alleging that Defendant Jennifer Hughes ("Defendant") defaulted on three promissory notes. Dkt. No. 1 ("Complaint"). Plaintiff previously moved for summary judgment, which the Court denied without prejudice on February 19, 2015. Dkt. Nos. 9; 17 ("February Order"). Presently before the Court is Plaintiff's Motion to amend the Complaint and Plaintiff's renewed Motion for summary judgment. Dkt. No. 20 ("Motion"). Defendant opposes the Motion. Dkt. No. 23 ("Opposition"). For the following reasons, the Motion is granted.

**II. BACKGROUND**

The Court presumes the parties' familiarity with the facts of this case and will recite only those facts that are necessary for the resolution of the pending Motion. For a complete recitation of the facts of this case, reference is made to the February Order.

In the February Order, the Court found that Plaintiff's Statement of Material Facts ("SMF") did not comply with the Local Rules. Feb. Order at 2-3. Specifically, the Court found that the SMF was devoid of any citations to the record and improperly attempted to include facts from an attorney

affidavit to establish the chains of assignment, which is not part of the record for the purposes of a SMF. Id.; see also N.D.N.Y. L.R. 7.1(a)(3). The Court also found that Plaintiff improperly attempted to introduce three Certificates of Indebtedness ("COIs"), which purported to establish the chains of assignment, for the first time in its Reply brief. Dkt. No. 13 ("Reply"). Having excluded Plaintiff's counsel's affidavit and the COIs, the Court found that the original promissory notes attached to the Complaint failed to establish as a matter of law the chains of assignment from the original banks to Plaintiff, or Plaintiff's standing to pursue this action. Feb. Order at 4. Accordingly, the Court denied Plaintiff's Motion for summary judgment, without prejudice, and afforded Plaintiff the opportunity to amend the Complaint.

## III. MOTION TO AMEND

### A. Legal Standard

Generally, a party may amend its pleading once as of right. FED. R. CIV. P. 15(a)(1). Once an as-of-right amendment becomes unavailable, a party may amend only with the consent of the opposing party or with leave of the court. FED. R. CIV. P. 15(a)(2). Leave to amend a pleading should be "freely given when justice so requires." Id. District courts are vested with broad discretion to grant a party leave to amend, and should deny such a request only in the face of undue delay, bad faith, undue prejudice to the non-movant, futility of amendment, or where the movant has repeatedly failed to cure deficiencies in previous amendments. Foman v. Davis, 371 U.S. 178, 182 (1962); SCS Commc'n, Inc. v. Herrick Co., 360 F.3d 329, 345 (2d Cir. 2004). "The party opposing a motion for leave to amend has the burden of establishing that granting such leave would be unduly prejudicial." Media All. v. Mirch, No. 09-CV-659, 2010 WL 2557450, at *2 (N.D.N.Y. June 24, 2010) (Kahn, J.) (quoting New York v. Panex Indus., No. 94-CV-0400, 1997 WL 128369, at *2

2

(W.D.N.Y. Mar. 14, 1997)).

### B. Analysis

In the present case, Plaintiff filed its Amended Complaint less than a month after the Court issued the February Order. Dkt. No. 20-1 ("Exhibits") at 22-24. Defendant has articulated no reason for the Court to deny Plaintiff's Motion to amend, and the Court finds that all of the Foman factors weigh in support of allowing Plaintiff's Motion. Accordingly, Plaintiff's Motion to amend is granted and the Amended Complaint is now the operative pleading in this matter.

## IV. SUMMARY JUDGMENT

### A. Legal Standard

Federal Rule of Civil Procedure 56 instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggert v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows that there is no genuine dispute as to any material fact, the burden shifts to the nonmoving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the

(W.D.N.Y. Mar. 14, 1997)).

### B. Analysis

In the present case, Plaintiff filed its Amended Complaint less than a month after the Court issued the February Order. Dkt. No. 20-1 ("Exhibits") at 22-24. Defendant has articulated no reason for the Court to deny Plaintiff's Motion to amend, and the Court finds that all of the Foman factors weigh in support of allowing Plaintiff's Motion. Accordingly, Plaintiff's Motion to amend is granted and the Amended Complaint is now the operative pleading in this matter.

## IV. SUMMARY JUDGMENT

### A. Legal Standard

Federal Rule of Civil Procedure 56 instructs a court to grant summary judgment if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. Although "[f]actual disputes that are irrelevant or unnecessary" will not preclude summary judgment, "summary judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); see also Taggert v. Time, Inc., 924 F.2d 43, 46 (2d Cir. 1991).

The party seeking summary judgment bears the burden of informing the court of the basis for the motion and of identifying those portions of the record that the moving party claims will demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party shows that there is no genuine dispute as to any material fact, the burden shifts to the nonmoving party to demonstrate "the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. This requires the nonmoving party to do "more than simply show that there is some metaphysical doubt as to the

material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

At the same time, a court must resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 150 (2000); Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 742 (2d Cir. 1998). A court's duty in ruling on a motion for summary judgment is "carefully limited" to finding genuine disputes of fact, "not to deciding them." Gallo v. Prudential Residential Servs., 22 F.3d 1219, 1224 (2d Cir. 1994).

**B. Analysis**

Upon review of Plaintiff's renewed Motion, Plaintiff has complied with the Local Rules and demonstrated that it is entitled to the relief sought. See generally Mot. Plaintiff attached COIs for each of Defendant's three loans to the Amended Complaint, which verify the chains of assignment and show that Plaintiff has standing to pursue this action. Exs. at 24, 31-36.[1]

Where a defendant does not dispute that the debt owed actually belongs to him, a plaintiff has met his burden of showing that he is entitled to relief by including the promissory note, COI, declaration from a loan analyst with personal knowledge of the debt, history of the plaintiff's default, and the amount owed. United States v. Manoussos, No. 10-CV-179, 2012 WL 899565, at *5 (E.D.N.Y. Mar. 16, 2012); see also United States v. Whitaker, 09-CV-2983, 2011 U.S. Dist. LEXIS 133921, at *7-8 (E.D.N.Y. Nov. 21, 2011) (finding promissory note, COI, and affirmation from plaintiff "constitute[d] sufficient proof that the [d]efendant [had] defaulted on her student loan debt"); United States v. Brow, No. 01-CV-4797, 2011 U.S. Dist. LEXIS 76651, at *3 (E.D.N.Y.

---

[1] Citations to the Exhibits correspond with the pagination assigned by the Court's Electronic Filing System.

July 13, 2011) (holding defendant, who did not oppose plaintiff's motion for summary judgment, liable on basis of promissory note and COI).

Defendant argues that Plaintiff's renewed Motion should fail because Plaintiff does not acknowledge that the assignor or the assignee ever provided a notice of assignment to Defendant. Opp'n ¶ 10. Additionally, Defendant contends that Plaintiff has failed to include the dates of assignment or any of the assignment contracts. Id. The Court finds Defendant's arguments to be without merit. The COIs clearly state that the loan that is the subject of the third cause of action was assigned to the Department of Education on September 8, 2006, and the loans that are the subjects of the first and second causes of action were assigned on October 21, 2009. See Exs. at 31-36. Plaintiff's Amended Complaint and the accompanying Exhibits establish that Plaintiff is entitled to summary judgment.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's Motion (Dkt. No. 20) to amend the Complaint is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 20) for summary judgment is **GRANTED**; and it is further

**ORDERED**, that Plaintiff is entitled to judgment as follows: (1) $4,308.66 in unpaid principal and $2,656.33 in accrued interest for the first cause of action; (2) $4,302.14 in unpaid principal and $2,566.07 in accrued interest for the second cause of action; and (3) $1,932.71 in unpaid principal and $1,387.85 in accrued interest for the third cause of action; for a total award of $17,153.76; plus post-judgment interest pursuant to 28 U.S.C. § 1961; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     February 11, 2016
                Albany, New York

Lawrence E. Kahn
U.S. District Judge